1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11

TRACY NOLAN, *et al.*,

12              Plaintiffs,

13      v.

14   U.S. BANCORP, *et al.*,

15              Defendants.

16

Case No. 1:25-cv-01168-CDB

ORDER REQUIRING PLAINTIFFS TO PAY SANCTIONS OF $100 PER DAY

(Doc. 12)

17      **Background**

18      Plaintiffs Tracy Nolan and Nolan Enterprises, LLC ("Plaintiffs") initiated this action with

19   the filing of a complaint on November 25, 2024, in the Kern County Superior Court, case number

20   BCV-24-104080.  (Doc. 1).  Defendant U.S. Bank National Association ("Defendant")[1] removed

21   the case to this Court on September 10, 2025.  *Id*.  On September 17, 2025, Defendant filed the

22   pending motion to dismiss and request for judicial notice in support thereof, making the time for

23   Plaintiffs' response thereto due on October 1, 2025.  (Docs. 8, 9); *see* Local Rule 230(c).

24      After Plaintiffs failed to timely file an opposition or statement of non-opposition to the

25   pending motion to dismiss, on October 8, 2025, the Court ordered Plaintiffs to show cause in

26   writing within two (2) days of entry of the order why sanctions should not imposed for their failure

27

28   _____

[1] Defendant notes it was erroneously sued as "U.S. Bancorp" in its notice of removal.  (Doc. 1).

1  to comply with the Court's Local Rules.  (Doc. 12).[2]  Plaintiff was provided the opportunity to

2  comply with the order in the alternative by filing an opposition or statement of non-opposition to

3  the pending motion by that same deadline.  *Id.*  Separately, the Court noted that Plaintiffs have

4  failed to timely file a consent/decline of U.S. magistrate judge jurisdiction form as ordered, and

5  ordered Plaintiff to show cause in writing within seven (7) days of entry of the order (*i.e.*, by

6  October 15, 2025) why sanctions should not be imposed for their failure to comply with this Court's

7  orders or, in the alternative, file a completed and signed consent/decline form by that same deadline.

8  *Id.*  Plaintiffs were forewarned that the failure to timely comply with the order will result in the

9  imposition of sanctions, up to and including a recommendation that the action be dismissed.  *Id.*

10  Plaintiffs have failed to file any response in compliance with the Court's order to show

11  cause as to Plaintiffs' failure to file an opposition or statement of non-opposition to the pending

12  motion to dismiss, and the deadline to do so has passed.

13  **Governing Authority**

14  The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is to

15  secure the just, speedy and inexpensive determination" of an action.  Fed. R. Civ. P. 1.  To effectuate

16  this purpose, the rules provide for sanctions against parties that fail to comply with court orders or

17  that unnecessarily multiply the proceedings.  *See*, *e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b).

18  Relevant here, Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to

19  obey a scheduling or other pretrial order.

20  The Court also possesses inherent authority to impose sanctions to manage its own affairs

21  so as to achieve the orderly and expeditious disposition of cases.  *Chambers v. NASCO, Inc.,* 501

22  U.S. 32, 43 (1991).  The Court's inherent power is that which is necessary to the exercise of all

23  others, including to protect the due and orderly administration of justice and maintain the authority

24  and dignity of the Court.  *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980).  In order to

25

26  [2] Although counsel for Plaintiffs, Mr. Gary Saunders, is listed on the docket by his office's address and email address (gary@saundersapc.com), the undersigned notes that the electronic receipt generated by CM/ECF for the Court's show cause order (similar to the other filings in this case) was transmitted to

27  other email addresses associated with the same domain, including litigation@saundersapc.com, which is the same email address linked to Mr. Saunders in the face sheet of Plaintiffs' complaint (*see* Doc. 1-1 at

28  3).  Thus, the Court concludes Plaintiffs have notice of the Court's show cause order.

compel a party to comply with the Court's orders, the Court may issue daily sanctions until compliance is obtained. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110. Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." E.D. Cal. L.R. 184(a). "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." *Id.*

**Discussion**

Here, the Court ordered Plaintiffs to file either an opposition or a statement of non-opposition to Defendant's pending motion to dismiss by October 10, 2025, in compliance with the Court's Local Rules at risk of sanction. (Doc. 12). Still, Plaintiffs have failed to comply with the Court's orders.

Aside from evidencing Plaintiffs' lack of regard for complying with court orders, Plaintiffs' intransigence is preventing the Court from efficiently managing its docket in this action. Accordingly, the Court finds that monetary sanctions are appropriate to compel Plaintiffs to comply with this Court's orders. Therefore, to gain Plaintiffs' compliance, a $100 sanction shall be imposed on Plaintiffs commencing on the date of this order and shall continue to be imposed each day thereafter until Plaintiffs file either an opposition or a statement of non-opposition to Defendant's pending motion to dismiss. Plaintiffs' filing of either an opposition or a statement of non-opposition to Defendant's pending motion to dismiss will not relieve Plaintiffs of the sanction imposed commencing on this date. Further, the daily deadline shall expire at the close of business

each day at 5:00 PM.

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiffs shall pay the Clerk of the Court $100 per day, beginning on the date of this order, until Plaintiffs file either an opposition or statement of non-opposition to Defendant's pending motion to dismiss.

IT IS SO ORDERED.

Dated:    **October 14, 2025**

UNITED STATES MAGISTRATE JUDGE

4