UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY NOLAN, *et al.*,<br><br>            Plaintiffs,<br><br>    v.<br><br>U.S. BANCORP, *et al.*,<br><br>            Defendants. | Case No. 1:25-cv-01168-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND TO OBEY COURT ORDERS<br><br>(Doc. 12)<br><br>**14-DAY OBJECTION PERIOD**<br><br><u>Clerk of the Court to Assign District Judge</u> |

**Background**

Plaintiffs Tracy Nolan and Nolan Enterprises, LLC ("Plaintiffs") initiated this action with the filing of a complaint on November 25, 2024, in the Kern County Superior Court, case number BCV-24-104080. (Doc. 1). Defendant U.S. Bank National Association ("Defendant")[1] removed the case to this Court on September 10, 2025. *Id*. On September 17, 2025, Defendant filed the pending motion to dismiss and request for judicial notice in support thereof, making the time for Plaintiffs' response thereto due on October 1, 2025. (Docs. 8, 9); *see* Local Rule 230(c).

After Plaintiffs failed to timely file an opposition or statement of non-opposition to the pending motion to dismiss, on October 8, 2025, the Court ordered Plaintiffs to show cause in

---

[1] Defendant notes it was erroneously sued as "U.S. Bancorp" in its notice of removal. (Doc. 1).

1

1    writing within two (2) days of entry of the order why sanctions should not imposed for their failure
2    to comply with the Court's Local Rules. (Doc. 12).[2]  Plaintiff was provided the opportunity to
3    comply with the order in the alternative by filing an opposition or statement of non-opposition to
4    the pending motion by that same deadline. *Id.*  Separately, the Court noted that Plaintiffs have
5    failed to timely file a consent/decline of U.S. magistrate judge jurisdiction form as ordered, and
6    ordered Plaintiff to show cause in writing within seven (7) days of entry of the order (*i.e.*, by
7    October 15, 2025) why sanctions should not be imposed for their failure to comply with this Court's
8    orders or, in the alternative, file a completed and signed consent/decline form by that same deadline.
9    *Id.*

10   Plaintiffs were admonished that the failure to timely comply with the Courts orders will
11   result in the imposition of sanctions, up to and including a recommendation that the action be
12   dismissed. *Id.*  After Plaintiffs failed to file any response in compliance with the Court's order to
13   show cause, and because the deadline to do so passed, to attempt to gain Plaintiffs' compliance, on
14   October 14, 2025, the Court imposed sanctions on Plaintiffs and ordered them to pay the Clerk of
15   the Court $100 per day, beginning the date of the order, until Plaintiffs file either an opposition or
16   statement of non-opposition to Defendant's pending motion to dismiss. (Doc. 13).

17   As Plaintiffs have failed to file any response to the Court's order to show cause and
18   sanctions order and have otherwise failed to participate in this action, for the reasons below, the
19   undersigned will recommend that the Court dismiss this action without prejudice.

20   **Governing Legal Standards**

21   Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that
22   "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may
23   be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of

---

[2] Although counsel for Plaintiffs, Mr. Gary Saunders, is listed on the docket by his office's address and email address (gary@saundersapc.com), the undersigned notes that the electronic receipt generated by CM/ECF for the Court's show cause order (similar to the other filings in this case) was transmitted to other email addresses associated with the same domain, including litigation@saundersapc.com, which is the same email address linked to Mr. Saunders in the face sheet of Plaintiffs' complaint (*see* Doc. 1-1 at 3).  Thus, the Court concludes Plaintiffs have notice of the Court's show cause order.

2

the Court." E.D. Cal. Local Rule 110.  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000).  A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (internal quotation marks & citation omitted).  These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

**Discussion**

Here, Plaintiffs have failed to comply with the Court's orders and Local Rules.  Plaintiffs have filed no response to the Court's order to show cause nor an opposition or statement of non-opposition to Defendant's pending motion to dismiss, and the time to do so has passed.  There are no other reasonable alternatives available to address Plaintiffs' failure to respond and otherwise obey this Court's orders.  Thus, the first and second factors—the expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to Defendant, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  This matter cannot proceed further without Plaintiffs' participation to prosecute the case and respond to the pending motion to

dismiss filed on September 17, 2025. (Doc. 8). The presumption of injury holds given Plaintiffs' unreasonable delay in prosecuting this action. Thus, the third factor—a risk of prejudice to the Defendant—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiffs have not moved this case forward toward disposition on the merits. They have instead failed to comply with this Court's orders, the Federal Rules of Civil Procedure, and the Local Rules, and are thus impeding the progress of this action. Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, the Court's order to show cause, requiring a response from Plaintiffs, cautioned: "Failure to timely comply with this order will result in the imposition of sanctions, up to and including a recommendation that the action be dismissed." (Doc. 12).

Plaintiffs were adequately forewarned that the failure to timely respond to the show cause order could result in terminating sanctions. Because Plaintiffs have failed to comply with this Court's orders and in so doing is failing to prosecute their case, the undersigned will recommend dismissal of this action.

*Remainder of This Page Intentionally Left Blank*

**Conclusion, Order, and Recommendation**

The Clerk of the Court is directed to randomly assign a District Judge.

For the reasons set forth above, **IT IS RECOMMENDED** as follows:

1. The Court DISMISS this action without prejudice for Plaintiffs' failure to prosecute this action and to comply with the Court's orders. *See* Local Rules 110, 230(c); and
2. The Clerk of the Court be directed close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **October 20, 2025**

UNITED STATES MAGISTRATE JUDGE