1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

17

| | |
|---|---|
| TRACY NOLAN, *et al.*,<br><br>        Plaintiffs,<br><br>   v.<br><br>U.S. BANCORP, *et al.*,<br><br>        Defendants. | Case No. 1:25-cv-01168-KES-CDB<br><br>ORDER REQUIRING PLAINTIFFS AND COUNSEL TO SHOW CAUSE IN WRITING AS TO WHY DAILY SANCTIONS SHOULD NOT CONTINUE AND WHY FULL SANCTION AMOUNT SHOULD NOT BE IMPOSED AND REPORTED TO STATE BAR<br><br>(Docs. 12, 13)<br><br>**OCTOBER 24, 2025, DEADLINE** |

18

### **Background**

19

20

21

22

23

24

Plaintiffs Tracy Nolan and Nolan Enterprises, LLC ("Plaintiffs") initiated this action with the filing of a complaint on November 25, 2024, in the Kern County Superior Court, case number BCV-24-104080.  (Doc. 1).  Defendant U.S. Bank National Association ("Defendant")[1] removed the case to this Court on September 10, 2025.  *Id.*  On September 17, 2025, Defendant filed the pending motion to dismiss and request for judicial notice in support thereof, making the time for Plaintiffs' response thereto due on October 1, 2025.  (Docs. 8, 9); *see* Local Rule 230(c).

25

26

27

After Plaintiffs failed to timely file an opposition or statement of non-opposition to the pending motion to dismiss, on October 8, 2025, the Court ordered Plaintiffs to show cause in writing within two (2) days of entry of the order why sanctions should not imposed for their failure

28

---

[1] Defendant notes it was erroneously sued as "U.S. Bancorp" in its notice of removal.  (Doc. 1).

1

to comply with the Court's Local Rules. (Doc. 12).[2] Plaintiff was provided the opportunity to comply with the order in the alternative by filing an opposition or statement of non-opposition to the pending motion by that same deadline. *Id.* Separately, the Court noted that Plaintiffs have failed to timely file a consent/decline of U.S. magistrate judge jurisdiction form as ordered, and ordered Plaintiff to show cause in writing within seven (7) days of entry of the order (*i.e.*, by October 15, 2025) why sanctions should not be imposed for their failure to comply with this Court's orders or, in the alternative, file a completed and signed consent/decline form by that same deadline. *Id.* Plaintiffs were admonished that the failure to timely comply with the Court's orders would result in the imposition of sanctions, up to and including a recommendation that the action be dismissed. *Id.*

After Plaintiffs failed to file any response in compliance with the Court's order to show cause, and because the deadline to do so passed, to attempt to gain Plaintiffs' compliance, on October 14, 2025, the Court imposed sanctions on Plaintiffs and ordered them to pay the Clerk of the Court $100 per day, beginning the date of the order, until Plaintiffs file either an opposition or statement of non-opposition to Defendant's pending motion to dismiss. (Doc. 13). After Plaintiffs failed to file any response to the Court's order to show cause and sanctions order and to otherwise participate in this action, on October 20, 2025, the undersigned issued the pending findings and recommendations that this action be dismissed without prejudice for Plaintiffs' failure to prosecute and to obey the Court's orders. (Doc. 16).

**Governing Authority**

The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is to secure the just, speedy and inexpensive determination of an action. Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. *See, e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b).

---

[2] Although counsel for Plaintiffs, Mr. Gary Saunders, is listed on the docket by his office's address and email address (gary@saundersapc.com), the undersigned notes that the electronic receipt generated by CM/ECF for the Court's show cause order (similar to the other filings in this case) was transmitted to other email addresses associated with the same domain, including litigation@saundersapc.com, which is the same email address linked to Mr. Saunders in the face sheet of Plaintiffs' complaint (*see* Doc. 1-1 at 3). Thus, the Court concludes Plaintiffs have notice of the Court's show cause order.

1   Relevant here, Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to

2   obey a scheduling or other pretrial order.

3          The Court also possesses inherent authority to impose sanctions to manage its own affairs

4   so as to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.,* 501

5   U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all

6   others, including to protect the due and orderly administration of justice and maintain the authority

7   and dignity of the Court. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). In order to

8   compel a party to comply with the Court's orders, the Court may issue daily sanctions until

9   compliance is obtained. *See Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 613, 629-30 (9th

10  Cir. 2015) (recognizing a district court's authority to impose daily sanctions to coerce compliance

11  with court order); *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's

12  authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what

13  he had refused to do.").

14         Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of

15  counsel or of a party to comply with these Rules or with any order of the Court may be grounds for

16  imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent

17  power of the Court." Local Rule 110. Further, "[i]n the event any attorney subject to these Rules

18  engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge

19  may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after

20  reasonable notice and opportunity to show cause to the contrary, take any other appropriate

21  disciplinary action against the attorney." Local Rule 184(a). "In addition to or in lieu of the

22  foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court

23  before which the attorney has been admitted to practice." *Id*.

24         **Discussion**

25         Here, the Court ordered Plaintiffs to file either an opposition or a statement of non-

26  opposition to Defendant's pending motion to dismiss by October 10, 2025, in compliance with the

27  Court's Local Rules at risk of sanction. (Doc. 12). Still, and despite the subsequent imposition of

28  daily sanctions prompted by Plaintiffs' noncompliance (Doc. 13), Plaintiffs still have failed to

3

comply with the Court's orders.  Aside from evidencing Plaintiffs' lack of regard for complying with court orders, Plaintiffs' intransigence is preventing the Court from efficiently managing its docket in this action.

As of the date of this order, daily sanctions are set to reach $900.00 by the daily deadline of 5:00 PM imposed from the Court's order (Doc. 13 at 3).  Pursuant to California law, "a court shall notify the State Bar of any of the following: . . . (3) The imposition of any judicial sanctions against an attorney, except sanctions for failure to make discovery or monetary sanctions of less than one thousand dollars ($1,000)."  Cal. Bus. & Prof. Code § 6086.7(a)(3).  Though the total sanctions amount as of this order is below the $1,000 threshold for reporting to the State Bar, should the total sanctions amount accrue over $1,000, the Court would be called upon to notify the State Bar of the sanctions imposed.

It is not clear if Plaintiffs or their counsel are even aware of the ongoing daily sanctions, and counsel may have neglected to read the order entirely or otherwise failed to address it.  The Court shall afford Plaintiffs and their counsel an opportunity to explain why the total sanction amount already compiled as of this date should not be imposed in total, jointly and severally against Plaintiffs and their counsel.  The Court may accept a partial reduction of the total amount of sanctions based on a clear and convincing demonstration of good cause addressing the failure to timely pay to the Clerk of the Court the cumulative daily sanctions now owed.

To be clear to Plaintiffs and their counsel, nothing in this order suspends the ongoing imposition of the daily sanctions that began from October 14, 2025, and the daily sanctions will continue to accrue during the pendency of the response period indicated in this order, until Plaintiffs and counsel comply with the Court's orders noted above and this order.

*Remainder of This Page Intentionally Left Blank*

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED, that no later than **October 24, 2025**, Plaintiffs Tracy Nolan and Nolan Enterprises, LLC and counsel Gary Saunders shall show cause in writing why the cumulative, previously imposed sanction and daily sanction amount, set to reach $900.00 as of the date of this order (October 22, 2025), shall not be imposed jointly and severally, why such sanction shall not be reported to the State Bar of California should it reach an amount over one thousand dollars ($1,000.00), and why daily sanctions shall not continue to be imposed.

IT IS SO ORDERED.

Dated:    **October 22, 2025**                    _____

UNITED STATES MAGISTRATE JUDGE

5