1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11

TRACY NOLAN, *et al.*,

12                    Plaintiffs,

13           v.

14    U.S. BANCORP, *et al.*,

15                    Defen dants.

16

17

18

Case No. 1:25-cv-01168-KES-CDB

ORDER DISCHARGING ORDER TO SHOW CAUSE, IMPOSING TOTAL SANCTION AMOUNT OF $1,400 ON PLAINTIFFS' COUNSEL, DIRECTING CLERK OF THE COURT TO REPORT PLAINTIFFS' COUNSEL TO STATE BAR OF CALIFORNIA, AND REQUIRING COUNSEL TO REPORT TO STATE BAR

(Docs. 13, 17)

**7-DAY, 30-DAY, AND 40-DAY DEADLINES**

19    **Background**

20           Plaintiffs Tracy Nolan and Nolan Enterprises, LLC ("Plaintiffs") initiated this action with

21    the filing of a complaint on November 25, 2024, in the Kern County Superior Court, case number

22    BCV-24-104080.  (Doc. 1).  Defendant U.S. Bank National Association ("Defendant")[1] removed

23    the case to this Court on September 10, 2025.  *Id*.  On September 17, 2025, Defendant filed the

24    pending motion to dismiss and request for judicial notice in support thereof, making the time for

25    Plaintiffs' response thereto due on October 1, 2025.  (Docs. 8, 9); *see* Local Rule 230(c).

26           After Plaintiffs failed to timely file an opposition or statement of non-opposition to the

27    _____

28           [1] Defendant notes it was erroneously sued as "U.S. Bancorp" in its notice of removal.  (Doc. 1).

1

pending motion to dismiss, on October 8, 2025, the Court ordered Plaintiffs to show cause in writing why sanctions should not imposed for their failure to comply with the Court's Local Rules. (Doc. 12).[2] Plaintiffs were provided the opportunity to comply with the order in the alternative by filing an opposition or statement of non-opposition to the pending motion by that same deadline. *Id.* Separately, the Court noted that Plaintiffs have failed to timely file a consent/decline of U.S. magistrate judge jurisdiction form as ordered, and ordered Plaintiff to show cause in writing within seven (7) days of entry of the order (*i.e.*, by October 15, 2025) why sanctions should not be imposed for their failure to comply with this Court's orders or, in the alternative, file a completed and signed consent/decline form by that same deadline. *Id.* Plaintiffs were admonished that the failure to timely comply with the Court's orders would result in the imposition of sanctions, up to and including a recommendation that the action be dismissed. *Id.*

After Plaintiffs failed to file any response in compliance with the Court's order to show cause, and because the deadline to do so passed, to attempt to gain Plaintiffs' compliance, on October 14, 2025, the Court imposed sanctions on Plaintiffs and ordered them to pay the Clerk of the Court $100 per day, beginning the date of the order, until Plaintiffs file either an opposition or statement of non-opposition to Defendant's pending motion to dismiss. (Doc. 13). After Plaintiffs failed to file any response to the Court's order to show cause and sanctions order, on October 20, 2025, the undersigned issued pending findings and recommendations that this action be dismissed without prejudice for Plaintiffs' failure to prosecute and to obey the Court's orders. (Doc. 16).

When Plaintiffs persisted in failing to respond to the Court's orders, on October 22, 2025, the Court entered an order requiring Plaintiffs and Plaintiffs' counsel to show cause in writing by October 24, 2025, why daily sanctions should not continue and why the amount of $900.00 accrued at the time of issuance should not be imposed and reported to the State Bar of California should it

---

[2] Although counsel for Plaintiffs, Mr. Gary Saunders, is listed on the docket by his office's address and email address (gary@saundersapc.com), the undersigned notes that the electronic receipt generated by CM/ECF for the Court's show cause order (similar to the other filings in this case) was transmitted to other email addresses associated with the same domain, including litigation@saundersapc.com, which is the same email address linked to Mr. Saunders in the face sheet of Plaintiffs' complaint (*see* Doc. 1-1 at 3). Thus, the Court concludes Plaintiffs have notice of the Court's show cause order.

1  reach an amount over one thousand dollars ($1,000.00) and why daily sanctions should not continue

2  to be imposed.  (Doc. 17).  Plaintiffs failed to file a response to the Court's order and the time to

3  do so has expired.

4       **Governing Authority**

5       The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is to

6  secure the just, speedy and inexpensive determination of an action.  Fed. R. Civ. P. 1.  To effectuate

7  this purpose, the rules provide for sanctions against parties that fail to comply with court orders or

8  that unnecessarily multiply the proceedings.  *See*, *e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b).

9  Relevant here, Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to

10  obey a scheduling or other pretrial order.

11       The Court also possesses inherent authority to impose sanctions to manage its own affairs

12  so as to achieve the orderly and expeditious disposition of cases.  *Chambers v. NASCO, Inc.,* 501

13  U.S. 32, 43 (1991).  The Court's inherent power is that which is necessary to the exercise of all

14  others, including to protect the due and orderly administration of justice and maintain the authority

15  and dignity of the Court.  *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980).  In order to

16  compel a party to comply with the Court's orders, the Court may issue daily sanctions until

17  compliance is obtained.  *See Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 613, 629-30 (9th

18  Cir. 2015) (recognizing a district court's authority to impose daily sanctions to coerce compliance

19  with court order); *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's

20  authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what

21  he had refused to do.").

22       Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of

23  counsel or of a party to comply with these Rules or with any order of the Court may be grounds for

24  imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent

25  power of the Court."  Local Rule 110.  Further, "[i]n the event any attorney subject to these Rules

26  engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge

27  may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after

28  reasonable notice and opportunity to show cause to the contrary, take any other appropriate

disciplinary action against the attorney."  Local Rule 184(a).  "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice."  *Id.*

California Business and Professions Code § 6068(o)(3) imposes a duty upon an attorney to report sanctions of $1,000.00 or more to the State Bar, and § 6086.7(a)(3) directs courts to notify the State Bar of sanctions of $1,000.00 or more.  Cal. Bus. & Prof. Code §§ 6068(o)(3), 6086.7(a)(3); *Acevedo v. Russell Cellular, Inc.*, No. 1:20-cv-01440-JLT-SAB, 2022 WL 2092563, at *5 (E.D. Cal. June 9, 2022).[3]

**Discussion**

Here, the Court ordered Plaintiffs, at risk of sanction, to file either an opposition or a statement of non-opposition to Defendant's pending motion to dismiss by October 10, 2025, in compliance with the Court's Local Rules.  (Doc. 12).  Still, and despite the subsequent imposition of daily sanctions prompted by Plaintiffs' noncompliance (Doc. 13), Plaintiffs have failed to comply with the Court's orders.  Aside from evidencing Plaintiffs' lack of regard for complying with court orders, Plaintiffs' intransigence is preventing the Court from efficiently managing its docket in this action.

As of the date of the Court's October 22, 2025, order to show cause (Doc. 17), daily sanctions were in the amount of $900.00, with additional sanctions of $100 accruing per day until Plaintiffs comply with the Court's orders.  *See* (Doc. 13 at 3).  As of the date of this order, daily sanctions are set to reach $1,400.00 by the daily deadline of 5:00 P.M. imposed by the Court's order.  *Id.*  Pursuant to California law, "a court shall notify the State Bar of any of the following: … (3) The imposition of any judicial sanctions against an attorney, except sanctions for failure to make discovery or monetary sanctions of less than one thousand dollars ($1,000)."  Cal. Bus. & Prof. Code § 6086.7(a)(3).

Plaintiffs did not file any response to the Court's orders, including the October 22, 2025,

---

[3] The Court does not suggest federal courts are *required* to comply with this law, however, the Court finds its direction to be reasonable to adhere to due to principles of comity and the interaction between this Court's own Local Rules and the State Bar of California and its Rules of Professional Conduct.  *See* Local Rule 180(e).

order to show cause, and the time to do so has expired.  The Court informed Plaintiffs that it "may accept a partial reduction of the total amount of sanctions based on a clear and convincing demonstration of good cause addressing the failure to timely pay to the Clerk of the Court the cumulative daily sanctions now owed." (Doc. 17 at 4).  Having afforded Plaintiffs and their counsel an opportunity to explain why the total sanction amount accrued as of the date of the show cause order should not be imposed in total, and receiving no response, the Court will impose the sanctions accrued as of the date of this order, *i.e.*, $1,400.00, in total upon Plaintiffs' counsel.

Despite the lack of compliance, the Court finds it appropriate to afford Plaintiffs' counsel the opportunity to comply by paying to the Clerk of the Court the sanctions amount due and reporting the sanctions to the State Bar of California.  The sanctions amount shall be imposed on Plaintiffs' counsel Gary Saunders only, given there is no indication of any fault of Plaintiffs for the failure of counsel to abide by the Court's orders.

Nothing in this order abrogates Plaintiffs' obligation to comply with the Court's orders and file either an opposition or a statement of non-opposition to Defendant's pending motion to dismiss (Doc. 8) and any objections to the pending findings and recommendations to dismiss this action without prejudice for Plaintiffs' failure to prosecute and to obey Court orders (Doc. 16), which are currently due on November 3, 2025.

Lastly, the Court finds it appropriate, based on ethical concerns and comity with the California state courts and the State Bar of California, to report Gary Saunders to the State Bar of California, and shall order Mr. Saunders to comply with his own independent obligation to report the sanctions to the State Bar.  *See Lozano v. Cabrera*, No. 22-55273, 2023 WL 2387583, at *2 (9th Cir. Mar. 7, 2023) (directing Clerk of Court to transmit copy of order affirming imposition of sanctions to State Bar of California) (citing Cal. Bus. & Prof. Code § 6086.7(a)(3), (b)); *Seymour v. Wilshire Credit Corp. Home Loans Dist.*, No. 2:19-cv-00564-MCE, 2023 WL 2167112, at *1 (E.D. Cal. Feb. 22, 2023) (ordering attorney to report imposition of $1,100 sanction to the California State Bar); *Out of the Box Enters., LLC v. El Paseo Jewelry Exchange, Inc.*, No. EDCV 10-01858 VAP(DTBx), 2011 WL 13135642, at *5 (C.D. Cal. Dec. 14, 2011) (directing Clerk of Court to transmit copy of order imposing sanctions to State Bar of California) (citing Cal. Bus. &

Prof. Code § 6086.7(a)(3).

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.  Plaintiffs' counsel Gary Saunders shall pay the Clerk of the Court $1,400.00 in sanctions within **seven (7) days** of the entry of this order, with the sum to be paid personally, and not to be transmitted to his clients by way of a charge of attorney's fees and/or costs;

2.  Pursuant to California Business and Professions Code § 6068(o)(3), counsel shall report these sanctions to the State Bar of California **within 30 days** of the entry of this order;

3.  Not later than **40 days** from the entry of this order, Plaintiffs' counsel shall file a declaration attesting that he has reported these sanctions to the State Bar of California;

4.  Pursuant to California Business and Professions Code § 6086.7(a)(3), the Clerk of the Court is DIRECTED to report the sanctions imposed on counsel Gary Saunders to the State Bar of California;

5.  The Court's order to show cause (Doc. 17) is HEREBY DISCHARGED; and

**Any failure by Plaintiffs to comply with this Court's orders may result in the imposition of further sanctions.**

IT IS SO ORDERED.

Dated:    **October 27, 2025**                    _____

UNITED STATES MAGISTRATE JUDGE