**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRACY NOLAN, et al., | Case No. 1:25-cv-1168 KES CDB |
| Plaintiffs, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION WITHOUT PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE |
| v. | |
| U.S. BANK ASSOCIATION, et al., | (Doc. 16) |
| Defendants. | ORDER RETAINING JURISDICTION TO ENFORCE SANCTIONS IMPOSED AGAINST COUNSEL FOR PLAINTIFF |

Plaintiffs Tracy Nolan and Nolan Enterprises, LLC, pursue claims against Defendant U.S. Bank N.A. and unnamed Doe defendants.[1]  Doc. 1.  After removing the action to this Court, Defendant filed a motion to dismiss.  Doc. 8.

On October 8, 2025, the magistrate judge ordered Plaintiffs to show cause in writing why sanctions should not imposed for failure to comply with the Local Rules by failing to timely file an opposition or statement of non-opposition to Defendant's motion to dismiss and failure to comply with the court's order to file a consent/decline of U.S. magistrate judge jurisdiction form. Doc. 12.  Plaintiffs were admonished that any failure to timely comply with the Court's orders would result in the imposition of sanctions, including dismissal.  *Id.*

After Plaintiffs failed to file any response to the order to show cause, the court imposed

---

[1] Defendant notes it was erroneously sued as "U.S. Bancorp" in its notice of removal.  Doc. 1.

1

monetary sanctions and ordered Plaintiffs to pay the Clerk of the Court $100 per day, beginning October 14, 2025, until Plaintiffs filed either an opposition or statement of non-opposition to the pending motion to dismiss.  Doc. 13.  When Plaintiffs persisted with the failure to respond, the Court entered a second order to show cause.  Doc. 17.  Again Plaintiffs failed to respond, after which the court imposed a total sanction of $1,400.00 on Plaintiffs' counsel, directed Plaintiffs' counsel to report the sanctions to the State Bar of California, and directed the Clerk of Court to report the sanctions to the State Bar of California.  Doc. 18.

On October 20, 2025, the magistrate judge found terminating sanctions were appropriate after considering the factors identified by the Ninth Circuit in *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988).  Doc. 16 at 3-4.  Therefore, the magistrate judge recommended the action be dismissed without prejudice for Plaintiffs' failure to prosecute and failure to obey the court's orders.  *Id.* at 5.  The court served the findings and recommendations on the parties and notified them that any objections were due within 14 days.  *Id.*  The court also advised that failure to file timely objections may result in the waiver of certain rights on appeal.  *Id.* (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)).  Plaintiffs did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), the court performed a de novo review of this case. Having carefully reviewed the matter, the court finds the findings and recommendations are supported by the record and proper analysis.  Thus, the court **ORDERS**:

1.    The findings and recommendations dated October 20, 2025 (Doc. 16) are **ADOPTED** in full.

2.    The action is **DISMISSED** without prejudice for Plaintiffs' failure to prosecute the action and failure to comply with the court's orders.

3.    The Clerk of Court is directed to terminate pending matters and close this case.

///

///

///

///

2

4.    The Court retains jurisdiction over the action for the limited purpose of enforcing the sanctions imposed on counsel for Plaintiffs.

IT IS SO ORDERED.

Dated:    February 23, 2026

_____
UNITED STATES DISTRICT JUDGE

3